UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONYEILL DODD, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-373 RM |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Donyeill Dodd, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90-day loss of good time in case MCF 05-04-0332 on May 3, 2005 by the Disciplinary Hearing Board ("DHB") at the Miami Correctional Facility. Mr. Dodd was found guilty of battery. He raises six grounds in this challenge.

First, Mr. Dodd asserts that his hearing should have been postponed because only two members of the DHB were able to review the videotape. "[D]ue process requires that he receive...the chance to present testimony and documentary evidence to an impartial decisionmaker . . .." Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). But due process does not require that the decisionmaker be a three-member panel. See Wolff v. McDonnell, 418 U.S. 539 (1974). Here, the videotape was reviewed by two members of the DHB and both voted to find him guilty. Those two votes were sufficient to find him guilty. Therefore it was not error for only two members to have viewed the videotape.

Mr. Dodd's next argument is that his Report of Disciplinary Hearing charges him with battery, while his segregation report charges him with assault. However, the segregation report is immaterial to Mr. Dodd's habeas corpus action because disciplinary segregation affects the severity rather than the duration of custody. Montgomery v. Anderson, 262 F.3d 641 (7th Cir. 2001). Therefore, the charges listed in the segregation report are not challengeable in a habeas corpus proceeding.

In his third argument, Mr. Dodd alleges that he was not given the opportunity to cross examine the witnesses. Though Wolff requires that he be permitted to submit relevant exculpatory evidence, it does not entitle him to confront or cross-examine the witnesses. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003).

Fourth, Mr. Dodd argues that he was denied the opportunity to provide witness statements. Mr. Dodd requested two witness statements. Wolff does not require that irrelevant, repetitive, or unnecessary evidence be presented. See Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002). Mr. Dodd's witnesses were not present during the incident, so their testimony would be irrelevant in determining whether he committed a battery.

Mr. Dodd also asserts that there was insufficient evidence to find him guilty of battery because the incident was not caught on the video and there was a witness who said he didn't see the incident. None of that is relevant. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989).

The officer that Mr. Dodd battered wrote the conduct report and stated that Mr. Dodd "Hit me in the chin and punched me in the chest." Docket #1 at 18. The officer's statement is some evidence that Mr. Dodd battered him. Furthermore, the video showed the officer in the doorway and showed movement by the officer and Mr. Dodd. Due to the officer's position, the physical altercation could not be seen. The witness statement indicates that there was a verbal confrontation between the officer and Mr. Dodd. The

witness began closing the door when he saw the officer push Mr. Dodd away from him. The video and the witness statement tend to support the officer's statement that there was some physical altercation. Though Mr. Dodd wants more evidence before being found guilty, federal due process does not set such a high standard for DHB determinations.

Fifth, Mr. Dodd asserts that an offender may not be compelled to testify against himself and that his silence cannot be used against him. Mr. Dodd pleaded not guilty to the charges and stated that he did not hit the correctional officer. Mr. Dodd was not required to give a statement, but voluntarily did so. Mr. Dodd seems to suggest that the DHB found him guilty because he wouldn't answer their questions. As previously discussed, there is some evidence in the record to support the DHB's guilty finding. It is not for this court to reweigh the evidence once it has determined that there is some evidence to support the DHB's determination.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: December 15, 2006.

                                                   /s/ Robert L. Miller, Jr.
                                                   Chief Judge
                                                   United States District Court